ORDERED.

Dated:  **March 19, 2020**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Don Karl Juravin, | ) | Case No. 6:18-bk-06821-KSJ |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Federal Trade Commission, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 6:19-ap-00030-KSJ |
| | ) | |
| vs. | ) | |
| | ) | |
| Don Karl Juravin, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER PARTIALLY GRANTING AND PARTIALLY
<u>DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

1

Don Karl Juravin ("Debtor" or "Defendant") owned and operated various entities that advertised and sold weight-loss products. The Federal Trade Commission ("Plaintiff" or "FTC") sued Defendant in the United States District Court for the Middle District of Florida ("District Court") alleging claims of deceptive trade practices under Sections 5(a) and 12 of the Federal Trade Commission Act ("FTC Act").[1] The District Court entered a Summary Final Judgment against Debtor for $25,246,000 (the "Judgment").[2] No trial was held; the District Court did not receive testimony or make any findings of the Debtor's credibility.

Defendant filed a Chapter 7 Voluntary Petition,[3] and Plaintiff filed this adversary proceeding seeking a determination that the amount owed under the Judgment should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A). Plaintiff then moved for Summary Judgment.[4]

Prior to filing this bankruptcy case, Defendant owned Must Cure Obesity, Co.[5] and Juravin, Incorporated and was an officer of Roca Labs, Inc., Roca Labs Nutraceutical USA, Inc., and Zero Calorie Labs, Inc. (collectively, "Roca Entities"). Defendant operated the Roca Entities from 2009-2016 and received $7 million from the enterprise. Defendant marketed weight-loss products,

---

[1] *See* 15 U.S.C. §§ 45(a) and 52.

[2] *Federal Trade Commission v. Roca Labs, Inc.*, 345 F.Supp.3d 1375 (M.D. Fla. 2018). The District Court granted the Federal Trade Commission's Motion for Summary Judgment on the Section 5(a) and 12 claims and entered the Judgment against Don Juravin and five corporate defendants, jointly and severally.

[3] Doc. No. 1, Case No. 6:18-bk-06821-KSJ. The case was filed on October 31, 2018, as a Chapter 7 liquidation case. The bankruptcy case was converted to a Chapter 11 on September 16, 2019, after this adversary proceeding was filed. Because the Debtor was unable to confirm a Chapter 11 Plan, the case reconverted to a Chapter 7 liquidation case on March 16, 2020. Doc. No. 323.

[4] Doc. No. 15. Plaintiff also filed a Statement of Undisputed Facts in Support of Motion for Summary Judgment, and a Memorandum in Support of Summary Judgment. Doc. Nos. 16 and 17. Defendant filed a Response to Plaintiff's Motion for Summary Judgment and Memorandum of Law in Opposition. Doc. No. 22. Plaintiff filed a Reply and Memorandum in Support of Motion for Summary Judgment. Doc. No. 29.

[5] Must Cure Obesity, Co. filed a petition seeking relief under Chapter 11 of the Bankruptcy Code on January 31, 2020. Case No. 8:20-bk-00924-CED. The case quickly was dismissed because the Debtor failed to pay the filing fee or file needed papers. Doc. No. 13. A motion seeking reconsideration is pending. Doc. No. 18.

including Roca Labs Formula and Roca Labs Anti-Cravings, as a safe and cost-effective alternative to gastric bypass surgery to combat obesity and achieve substantial weight-loss.[6]

In the District Court lawsuit, Plaintiff alleged Defendant made material misrepresentations regarding the weight-loss products' effectiveness to induce customers to buy the products.[7] Plaintiff contended Defendant misrepresented supposedly independent websites used to promote the products and failed to disclose his financial relationship with individuals who submitted product testimonials.[8] Plaintiff asserted other similar misrepresentations by the Defendant, all based on violations of the FTC Act.[9]

Plaintiff now seeks summary judgment in this adversary proceeding.[10] Federal Rule of Civil Procedure 56(a) provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] The moving party must establish the right to summary judgment.[12] A "material" fact is one that "might affect the outcome of the suit under the governing law."[13] A "genuine" dispute means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[14] Once the moving party has met its burden, the nonmovant must set forth

---

[6] *See Federal Trade Commission*, 345 F.Supp.3d 1375 for a full discussion of the District Court case.

[7] *Id.* at 1383-84. Defendant made representations that (1) the Formula and Anti-Cravings enable a user to reduce food intake by 50% and lose as much as twenty-one pounds in one month, (2) 90% of users will lose substantial weight, (3) the products are comparable or superior to bariatric surgery, and (4) the products are safe and effective for weight loss in children as young as six years old. Defendant included links on the Roca Entities' website to documents purportedly written by doctors describing the benefits of the weight-loss products, although no clinical studies had been performed.

[8] *Id.* at 1380-82. Defendant and the Roca Entities created websites, such as RocaLabs.com and Mini-Gastric-Bypass.me, to promote their products and made it appear the Roca Lab Websites were independent and objective. Defendant also paid customers and encouraged employees to write positive testimonials and reviews without disclosing their financial relationship.

[9] *Id.* at 1383-84.

[10] Doc. No. 15.

[11] Fed. R. Civ. P. 56(a).

[12] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).

[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *Find What Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011).

[14] *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

specific facts showing there is a genuine issue for trial.[15] In determining entitlement to summary

judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there

is a 'genuine' dispute as to those facts."[16]

Plaintiff relies on the *res judicata* effect of the District Court's final order to establish non-

dischargeability under Section 523(a)(2)(A) of the Bankruptcy Code,[17] the only claim asserted in

Plaintiff's complaint. Plaintiff alleges summary judgment is appropriate because the District

Court's findings that Defendant violated the FTC Act are identical to the issues in this proceeding

making the Judgment non-dischargeable as a matter of law.

"The general principle of *res judicata* prevents the relitigation of issues and claims already

decided by a competent court. 'Once a party has fought out a matter in litigation with the other

party, he cannot later renew that duel.' *Res judicata* comes in two forms: claim preclusion

(traditional '*res judicata*') and issue preclusion (also known as 'collateral estoppel')."[18] Because

the District Court action is a federal question previously decided by a federal court, it naturally

follows that federal preclusion principles apply in this case.[19]

Under federal law, "[c]ollateral estoppel or issue preclusion forecloses relitigation of an

issue of fact or law that has been litigated and decided in a prior suit. There are several prerequisites

to the application of collateral estoppel: (1) the issue at stake must be identical to the one involved

in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the

determination of the issue in the prior litigation must have been a critical and necessary part of the

---

[15] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 10 S. Ct. 1348 (1986).
[16] *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).
[17] All references to the Bankruptcy Code refer to 11 U.S.C. § 101, *et. seq.*
[18] *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) (internal citations omitted).
[19] *CSX Transportation, Inc. v. Brotherhood of Maintenance of Way Employees*, 327 F.3d 1309, 1316 (11th Cir. 2003).

judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding."[20]

Parties agree three prongs of the collateral estoppel test are established: the issues were actually litigated in the District Court suit, determining the issues by the District Court were a critical and necessary part of the Judgment, and the Debtor had a full and fair opportunity to litigate the dispute. But the parties dispute whether one key issue in this adversary proceeding was decided by the District Court in the Judgment. Defendant argues the District Court made no finding of Mr. Juravin's **intent to deceive** his customers and the Judgment does not bar him from now litigating his intent in this adversary proceeding.

In the Judgment, the District Court found false representations made by the Defendants, including the Debtor, that were likely to mislead customers and that the misrepresentations were material.[21] But, the District Court explicitly stated intent to defraud was not an element under Sections 5(a) and 12 of the FTC Act, and the FTC does not have to prove intent to defraud. So, no finding of the Debtor's specific intent, proper or improper, was made by the District Court.

Under Section 523(a)(2)(A), a debtor cannot discharge a debt based on "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."[22] "Courts have generally interpreted § 523(a)(2)(A) to require the traditional elements of common law fraud."[23] To prove fraud, the plaintiff must establish these elements by a preponderance of the evidence: (i) the debtor made a false representation with *intent to deceive*

---

[20] *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986).

[21] To demonstrate liability for unfair and deceptive commercial practices under Section 5 or Section 12 of the FTC Act, the plaintiff must establish that "(1) there was a representation; (2) the representation was likely to mislead customers acting reasonably under the circumstances, and (3) the representation was material." *FTC v. Tashman*, 318 F.3d 1273, 1277 (11th Cir. 2003). In the District Court case, the FTC established each of these elements. Debtor and Defendant was held individually liable because he knew or should have known of the alleged misrepresentations. *Federal Trade Commission*, 345 F.Supp.3d at 1400.

[22] 11 U.S.C. § 523(a)(2)(A).

[23] *See SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998).

the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss because of the misrepresentation.[24]

The parties agree the principles of *res judicata* and collateral estoppel prevents re-litigation of all elements except the Debtor's intent to deceive. The Court holds that a partial summary judgment is appropriate on all elements of Section 523(a)(2)(A) except whether the Debtor acted with the intent to deceive.[25]  Specifically, the District Court Judgment finally determines that the Debtor made a false representation, the customers relied on the misrepresentation, the reliance was justified, and the loss was quantified at $25,246,000.  The only remaining issue is whether the Debtor made these misrepresentations intending to deceive.

To prove an intent to deceive, "the debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in the law, which may exist without the imputation of bad faith or immorality."[26] Intent to deceive is difficult to determine at the summary judgment stage because of its inherent reliance on the weight of testimony.[27] Because a debtor rarely admits fraudulent intent, courts look at the totality of

---

[24] *Id.*

[25] *See* Doc. No. 22, pg. 11, FN 4. The Defendant concedes that four of the five elements of proof under Section 523(a)(2)(A) were litigated and adjudicated in the District Court action. Defendant only disputes his intent to deceive.

[26] *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986) (abrogated on other grounds by *Grogan v. Grogan*, 498 U.S. 279 (1991)).

[27] *Brown v. Vega (In re Vega)*, Case No. 6:10-bk-06873-KSJ, 2014 WL 2621118, at *3 (Bankr. M.D. Fla. June 12, 2014). *See also State Farm Mut. Auto, Ins. Co. v. Weiss*, 410 F. Supp. 2d 1146, 1159 (M.D. Fla. 2006). "Generally, the issue of fraud is not properly the subject of summary judgment, because a resolution of the issues involved requires an exploration of the relevant facts and circumstances, and thus a court can seldom determine the presence of fraud absent a trial or evidentiary hearing."

circumstances to make that determination.[28] "[I]f there is room for an inference of honest intent, the question of non-dischargeability must be resolved in favor of the debtor."[29]

The District Court made no specific finding of intent in its Judgment. Plaintiff argues I can rely on circumstantial evidence to infer Defendant's intent to deceive given the Defendant's extensive participation in the Roca Entities and the lack of any plausible explanation other than he intended to deceive creditors with his misrepresentations.[30] Defendant responds he only intended to help obese individuals get to a healthy weight,[31] as reflected in Mr. Juravin's affidavit[32] and deposition.[33]

Weighing the circumstantial evidence, considering Mr. Juravin's sworn statements, and given the size of this potentially non-dischargeable Judgment exceeding $25 million, I cannot find *as a matter of law* that Mr. Juravin made the established false representations with the intent to deceive. He may have his day in Court on this sole remaining issue—whether he acted intending to deceive his customers. Summary judgment is partially denied to allow a trial to proceed. Accordingly, it is

**ORDERED:**

1.      Plaintiff's Motion for Summary Judgment (Doc. No. 15) is partially granted.

2.      Summary Judgment is partially granted on these four elements of Section 523(a)(2)(A) of the Bankruptcy Code: (1) the debtor made a false representation, (2) the

---

[28] *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994).

[29] *In re Carter*, 593 B.R. 354, 361 (Bankr. M.D. Fla. 2018) (quoting *Gaft v. Scheidler (In re Sheidler)*, Case No. 15-8011, 2016 WL 1179268, at *5 (6th Cir. B.A.P. Mar. 28, 2016).

[30] Doc. No. 17, pgs. 15-18. The District Court found Defendant personally liable for deceptive trade practices because he was an owner and officer of the Roca Entities, knew of the pervasive misrepresentations, and had authority to control them.

[31] Doc. No. 22.

[32] *Id.* at Exh. A. Defendant stated he believed the weight-loss regimen was effective from its inception and the representations contained on various websites were true, based on actual results. Defendant purportedly developed the products with two licensed medical professionals.

[33] *Id.* at Exh. B. Defendant stated he "[would] do anything for [his customers] as long as [he] lead them to achieve a healthy weight."

creditors/customers relied on the misrepresentations, (3) reliance was justified, and (4) the creditors/customers sustained a loss because of the misrepresentation.

3.    Summary judgment on whether the Debtor acted with the intent to deceive is denied.

4.    A two-day trial on the sole remaining issue, whether the Debtor acted with intent to deceive, is scheduled for **10:00 a.m. on June 25, 2020 and June 26, 2020,** in Courtroom A, Sixth Floor, 400 West Washington Street, Orlando, Florida.

### 

Attorney Michael P. Mora is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.